Our final case this afternoon is number 2010-7044 McDowell v. Department of Veterans Affairs. Mr. Rosinsky, whenever you're ready. May it please the court, I'd like to reserve three minutes for rebuttal. You can do that. The question in this case is whether we can string together enough definitional possibilities in interpreting 38 U.S.C. 104 to find a definition or interpretation that illegitimate means something other than not legitimate. And whether applying the plain meaning of 38 C.F.R. 3.210 or this court's analysis in Sursley be peak, the answer is clearly no. If you take the regulation itself, the Secretary... If I tell the folks in the audience that you're my child, are you now suddenly my illegitimate child? We have no marital relations, not me and your mother or anyone else, me and your father. We have no relations of any sort. But is my simple declaration alone enough to make you my illegitimate child? No, Your Honor, and that's not what happened in this case. We have the claimant's or Ms. McDowell's assertion as well as two submittals by individuals completely compliant with the Secretary's own regulation for asserting that the veteran accepted the child. And that language is very important. It doesn't say... The veteran died long before this child was born or two weeks after the child was conceived. Is that right? Four to six weeks roughly, depending on how early on. But still, you're talking about acceptance of the child. You mean acceptance of parental responsibility for the unborn child? Is that what you mean? Yes, Your Honor. The record is undisputed. Okay, but I'm going to declare to everybody that I accept responsibility for you as my child, or I don't think it was actually even that clear, just I accept that you're my child. How is that declaration not sufficient under the standard you would like us to apply for whether or not you're my illegitimate child? Because, first of all, it's the Secretary's own definition of what proof is necessary for VA benefits purposes. I'm trying to understand what you think it means. You're here arguing a statute, and I understood your statutory interpretation, the proposal you make would be it's enough you're someone's illegitimate child as a father if you simply declare that they're your child. And I'm trying to understand, am I wrong about that being your interpretation of all that's required to be someone's illegitimate child under the statute? My interpretation under the statute is that an illegitimate child is a child that is not legitimate, meaning there was no marriage license between the veteran and the father. But you also require no biology. I do not require it. My position is that if there is biology, that can establish it. It does not exclude the relationship, and that word is used in the statute, and it's used in the... If I declare you to be my child under your construction, you would be my illegitimate child. I respectfully disagree. They had a relationship. The evidence is clear they had a relationship, an emotional relationship. But there was an emotional relationship between this man and a two-week-old, six-week-old fetus? The undisputed or unchallenged statements of Ms. McDowell throughout this whole period is that they had an ongoing romantic relationship for many years and that they were attempting to have a child. The sisters of the veteran who admittedly stated, we do not like Mrs. McDowell because of the way she was having a relationship with... But the Veterans Court found there was no biology here, and that's a fact-finding that we are not permitted to even review, much less contradict. So we have to accept as the premise that there is no biological relationship between the veteran and this child. No, Your Honor. I believe that is the key to this case. Let me see if I can help clear this up. I'm a little confused as to which of two arguments you're making. Are you making the argument that there has to be a biological relationship but the regulation specifies the types of proof that are sufficient to establish the biological relationship and that one of those items of proof is acknowledgment and that there was acknowledgment? That could be one position. The other position is we don't care whether it was a biological relationship. Anybody who acknowledges somebody else as a child, according to Judge Moore's hypothetical, becomes an illegitimate child of that person. Do you understand the difference between those two? Which is it? Well, it is definitely the first and part of the second, and I will explain. The relationship here is that the statute, Congress said these are the proofs that can be used to establish for VA benefits purposes the relationship to a child. There's only four categories. The two are not in dispute. It's either legitimate or illegitimate. The definitions that we're coming up with that the Secretary is placing here is that if you happen to get a biological test, it jumps over all those specified both by Congress and the additional ones by the Secretary and trumps those. Evidence was submitted here, rightly or wrongly, does not mean that the Secretary has a legal right to apply it in this case. Evidence is excluded in every court every day. Hold on. Let me make sure I understand this. The statute says, and if I understand it right, this is what you're hinging your argument on, illegitimate child as to the alleged father is otherwise shown by evidence satisfactory to the Secretary to be the father of such child. That's the portion of the statute you rely upon, correct? That is the portion of the statute that the Secretary relied upon to create the additional. I'm trying to understand what you rely upon to argue that the child in this case is, in fact, the illegitimate child of the deceased veteran. I am relying on the meaning of 104, the definition where it says, as to the father, the proof is, and it lists the ways that you can do it, birth certificate, et cetera. And it allowed the Secretary to add additional means, and he did. And those are all even more secondary. None of these have anything to do with biology. They're all secondary. I'm sorry. Again, I just want to make sure we're on the same page. You're relying on which portion of the statute? Section 1014A, is that right? Yes, Your Honor. I will find the exact. Because it doesn't say anything about birth certificate, right? It says, if acknowledged by him in writing, or judicially ordered to contribute child support, or judicially decreed to be the father, or otherwise shown by evidence satisfactory to the Secretary. Yes, Your Honor. Or an illegitimate child, but as to the alleged father, only if acknowledged in writing, cited by him, or if he's been judicially ordered to contribute to child support. And we don't have any of that here. Right. No even allegations. No judicial decree. Or as otherwise shown by evidence satisfactory to the Secretary. I have two issues. One, I believe, if you go to the Secretary's own regulation, he has specified three additional items. One of which is the writing that the veteran accepted the child. None of them have direct biological connection, nor, back to the statute, do any of these specified items have any direct biological connection. They're all secondary. And I can get a judicial decree that your father is such a child, or have to pay. But there's none of that in this case, right? The thing that you're arguing is that this should fall under the statute in the portion that says, otherwise shown by evidence satisfactory to the Secretary. I have two arguments, Your Honor. If the court finds that the regulation is clear on its face, the Secretary has only those items that he has specified as acceptable evidence, proof of the father. It cannot go outside of that. That's what the court did in creating its own interpretation. The board, nor the Secretary, argued any interpretation below. The court, the Veterans Court, created this entire interpretation itself to support the decision. It is not in the statute. Biology is not in the statute. There is not a word in there about it. Say the regulation didn't exist. You would have to tell us that this is an illegitimate child under the category of evidence satisfactory to the Secretary, correct? Yes, Your Honor. Okay, so no regulation exists. You have to do that. You're saying the presence of a regulation defines what the Secretary says is sufficient to meet this. What evidence would be enough? Yes, Your Honor. So under the regulation, why would the Secretary, if that were the case, just I'm curious, why would the Secretary have said an acknowledgment in writing signed by him? We already know that's enough because the statute explicitly said that. So that, the statute explicitly lists as one of the four possible options. That's right. Exactly in those words. And that's not an interpretation under CERSA. So the Secretary would say, so then you have evidence that he has been identified as the child's father by a judicial order or decree. Again, that mimics the language of the statute, right? Yes, Your Honor. Any other secondary evidence which reasonably supports a finding of relationship as determined by an official authorized to approve such findings. So in this case, the VA weighed all of the evidence and determined that. But that is precisely the point. The evidence of a biological connection. None of these secondary or even primary indicia or proofs have anything to do with biology. The Secretary in this case. Does the mother have to have biology in order for her to, as a veteran, have an illegitimate child? Proof of birth is all that's required. Proof of birth by anybody? That's all that's required to be someone's illegitimate child? Not even a decree that it's your child, just the proof that they were born. If the birth certificate has, the mother has the birth certificate, the mother can specify the father. If the father, if the individual doesn't dispute it at that point, that's the father on the birth certificate. I'm not asking about the father. I'm asking about the mother. The birth certificate is issued to the mother. It's the mother's name. So there has to be, you have to have been born of the woman to be her illegitimate child. Certainly. Well, then why doesn't the same biology requirement apply to the father? Because that is... You really think the Secretary meant to say for female veterans, only your born children are covered as illegitimate children, but for male veterans, heck, we'll take any. Any ones you declare to be yours. No, you're right. It's a practical issue. It is biologically impossible to ascertain the father without biological tests. It is practically obvious who the mother is of a child. But the statute does not contain directly any requirement or authorization for a biological test requirement. None of these are biological test requirements. And undersourcely, you must go and look and see what interpretations are allowed. To stick a biological requirement in there, explicit, is not what is in the statute and contradicts it. And to weigh evidence that is not listed in a specific, this statute specifically lists what evidence, what proof is required to establish. To say what the Veterans Court said was, we accept all evidence in every case, would make this surplusage. This is strictly a legal argument. If they can go and take anything they want, then Congress wasted its time listing these things here. And the Secretary wasted his time. You're getting into your rebuttal time. Do you want to save it? I will save that time. All right, we'll give you your full three minutes. Thank you. Mr. Hockey. May I please record? So, Mr. Hockey, let me give you a hypothetical, okay? There's a birth certificate that says that the Veteran is the father. That's a hypothetical one. Two, there's a court decree that says the Veteran is the father and he has to contribute to child support. Okay? Can the Secretary say, I think I'll have a DNA test run, and if the DNA test shows that he's not the biological father, we're not going to pay? No. Okay. The birth certificate, the judicial decree are all state-sponsored mechanisms to identify the biological connection. Well, then how do we, the trouble is then how do we, looking at the regulation, know which ones are conclusive and which ones aren't? That's the problem, right? The important thing about this case to remember is the Veterans Court was very explicit in saying that. It's not required by this regulation or the statute to obtain a DNA genetic test. That's the one I understand, but you say a couple of these things listed here are conclusive, the birth certificate, the judicial decree, but an acknowledgment in writing is not conclusive, right? We don't dispute that an acknowledgment in writing is not conclusive. It would be conclusive. The regulation specifically provides and the statute specifically provides an acknowledgment in writing. An acknowledgment in writing, even in the absence of biology, would make someone my illegitimate child? Because all of these are ways to get to the question of the biological connection at a time when we didn't have access to DNA testing to scientifically, if you will, establish it. So if I acknowledge it in writing, if this Veteran not only had made oral representations but had signed something, acknowledging in writing that the unborn child in this woman happened to have been his, even if it turns out it wasn't his and the same DNA evidence that exists in this record is present, the Veterans Court would still have to recognize this as the illegitimate child simply by virtue of that acknowledgment in writing. I think we're getting now into a question, given the hypothetical, which included the submission of the DNA testing as part of the evidence to be determined by the board, there's never a question here that the ultimate determination. Mr. Hockey, you told Judge Dyke that biology is not required when... He said an acknowledgment in writing is conclusive. I said that regulation provides that an acknowledgment in writing as to the paternity of the child from the Veteran under the plain language of the regulation is evidence sufficient to show proof of... Is it conclusive? Is it conclusive? It would be conclusive if that was the evidence. Well, what if it's a birth certificate? Is a birth certificate always conclusive or not? That would also be the presumption of the birth certificate is that... It's just a presumption, so the secretary could come in and say, okay, here's DNA evidence that contradicts the birth certificate and we're not paying. How does the secretary get that evidence? In this case, see, the question is, and the question presented in the Veterans Court was, was it appropriate to consider the genetic evidence submitted by the claimant, okay? But the court was also careful to say that there was no requirement and no basis under the statute. I suppose you could have a situation in which there were a number of legitimate children and there was an illegitimate child and they might be competing for an award. But the question that Judge Moore's alteration of your hypothetical now includes that the Board now has before it contradictory evidence. Well, let's assume that there's a birth certificate and there's contradictory DNA evidence. Then like in any other determination by the Board, the Board has to weigh the evidence and determine what's more probative. So it's not conclusive. It's not conclusive. Even a court decree is not conclusive. Not in the absence of negative evidence. So if there's a court decree, New York court says, we determined that this person is the illegitimate child of this Veteran in order of the payment of child support. That can be undone and contradicted by DNA evidence in the course of a proceeding before the Veterans Administration. To the extent the individual has submitted that evidence, that DNA evidence, as well as a court decree, then the Board is faced with conflicting evidence. But the regulation would allow for a finding that there was a biological relationship based solely on the court decree or based solely on a birth certificate, which the whole point of a birth certificate is the State's saying that the presumption that this is the biological father, as indicated earlier. Is biology a requirement of the statute? Biology is what illegitimate, yes. The biological, what the statute was asking in 1924 was, for purposes of obtaining benefits, you have two courses. One, if you can establish a biological relationship with the Veteran. Two, if you can establish some other legal relationship with the Veteran. The biological relationship comes down in two prongs of legitimacy and illegitimacy. And what the Congress was saying is simply because a child is born out of wedlock, it shouldn't be deprived of the rightful benefits to the Veteran, father or mother, simply because of that fact. So just so I know, you're saying if someone is alleging an illegitimate child and there is proof in the form of a judicially ordered decree that this is, in fact, the illegitimate child, that the Veterans Association still has a fact-finding to make about whether it is or is not an illegitimate child, or has Congress taken that authority away from the Veterans Agency by saying that this automatically makes you an illegitimate child in the statute? The statute has the three identification, the three bases separated by ORs. So if there's one that's present and then the other is present, I would say that it's not like only if acknowledged in writing, signed by him. Well, it could. The problem, Mr. Hockey, is that the statute seems to say that if you've got a court decree, that's it. It talks about acknowledged in writing, judicially ordered to contribute, judicially decreed to be the father of the child. Doesn't the statute suggest that those things are conclusive? We're not disputing that here. None of those things are here, though. I understand. But we're entitled to ask hypothetical questions, and you have to answer them. And I violated the rule of never asking, never restating. Well, that's not the case here. Okay, accepting that. The statute says it provides different bases for establishing that biological connection. And what we suggest is the only interpretation of the statute is when you read the statute as a whole, illegitimate pertains to a biological connection. And these were ways, especially in 1924, of finding that biological connection in the absence of what medical science now provides in the form of DNA testing. The court's hypothetical. What happens if you have one thing that seems to answer the question and another thing which seems to say that there is no biological relationship? Then the duty of the regional office and the board has always been to weigh the evidence before it. I'm not sure I see how you get that out of the statute. The statute seems to say if there's a judicial decree, that's it. And then it gives some examples of things that establish paternity, and then it has a other category, otherwise shown by the evidence satisfactory to the secretary, to be the father of the child. I mean, that latter phrase gives the secretary discretion to look at other kinds of evidence that might establish paternity. But why doesn't the statute on its face suggest that if you have any one of these things that are listed there, that that's it? And even if that is the case, though, that doesn't disrupt the interpretation of the statute to be requiring a biological connection. That's what we say in our papers, is there's nothing inconsistent about interpreting the statute. That portion of the illegitimate child, and to use the common plain language of what an illegitimate child is, which is a child born out of wedlock, and the key difference being between a legitimate child and an illegitimate child is the state of the marital relationship at the time. But there's no dispute that they're both pertaining to a biological connection, as opposed to the other parts of the statute which allow for legal adoption and the stepchild situation with the domicile sub-element, if you will. And in this case, all that was before the Veterans Court was the question of, in terms of reviewing the reasons and bases relied upon by the board, which relied upon the genetic test submitted by Ms. McDowell. And I think it's clear from the record, but the original RO and DRO decisions did not have the benefit of that document, and just weighing the evidence they found against Ms. McDowell. She submitted this as part of the board proceedings and waived remand. And so the question was, was that okay? And the Veterans Court, when handling the issue, simply said, well, that would be okay if the statute pertained to a biological requirement. And that's all they did was interpret that statute to say that it did. And nothing as far as the examples that are identified there. Why in the world did she introduce evidence tending to show this wasn't his biological child? I have no—I mean, I can only surmise that the emotion of the issue got away. But she submitted the evidence, and that's pretty clear. That's clear from the record and from the decision, actually. The board and the court made it clear that it wasn't requiring the VA to obtain these kinds of records, which would go back to your question, Judge Dyke. If a person came in with simply a birth certificate, then that would satisfy the requirement. If they came in with a written acknowledgment from the veteran, that could satisfy the requirement. And that may be the case, but that doesn't mean that what was being sought as far as establishing illegitimacy isn't that biological connection. That's what it's all about. Those are simply types of evidence that could satisfy the biological— and for years, courts decided paternity based upon affidavits submitted by the veteran acknowledging that he was the biological father. Has the VA ever had a case where a judicial decree determining that somebody was the father was overridden by other evidence? I'm not aware of any. I'm not aware of any. But in this case, what you had is the absence of all those other types of evidence and the presence of the genetic test, which weighed strongly against her. So it wasn't a question in this case whether she satisfied it with an acknowledged writing signed by him. She admitted she didn't have such a document. She didn't provide any kind of judicial order to contribute to the child's support, nor could she have since the veteran pre-deceased the birth of the child by 8 1⁄2 months. I understand that the government's position is the statute is unambiguous, but if I was to conclude it's ambiguous, then what? Well, the assumption that your hypothetical brings to me is that you've concluded that it's ambiguous after using all of the statutory tools of construction, which would include things like legislative intent, Chevron deference, Skidmore deference, and all the other sort of layers that we added to our brief, which we do because they're secondary and tertiary arguments. So at the end of the day, if the court is left without any resolution to the intent of the statute based upon all those tools, then Brown v. Gardner has a role. As the decision says itself in Brown v. Gardner, the Supreme Court indicated that there wasn't a Chevron-based argument present in that case. And this Court said the same, too, in numerous cases that... So if it's ambiguous, what happens? Well, if it's ambiguous, given that there's no satisfaction through Chevron or these other things, then you do get to the question of who really benefits from this situation. Does the veteran benefit, and who is the veteran in this case? Here, is there a question of whether or not an award in this case to somebody who arguably is not biologically related, does that have an effect on someone else, some other child who is? Now, in this case, I think that the other biological children are already of age, so they wouldn't be hurt personally, but then the court can never interpret the question in terms of a single case. It has to interpret the question in terms of the entire veteran community, and you could see potentially a possibility where an award to someone who really doesn't qualify could affect benefits to somebody else. But that would require additional briefing, frankly. Under Chevron, do I understand your argument to be that the regulation answers the question of what the statute means? We clearly think that it does. Hitting on something that... Is there any process right now that may revise this regulation?  The birth of the father. In our brief, we referenced some proposed language that refers to natural birth, which again alludes to the biological. But to answer Your Honor's question about the regulation specifically, I think that the additional language, which is not actually present in that statute, certainly clearly implied that at the beginning of the 3.210B, illegitimate child, the language alluded to earlier, as to the mother of an illegitimate child, proof of birth is all that required, suggests in no uncertain terms that for a veteran mother, she needs just simply to establish that that child was born to her. And so if that's the case for a female veteran, how could it be any different for a male veteran? The evidence always has to tend to show that there's a biological connection in order to satisfy the illegitimate child prong of the statute and regulation. And then again, we refer to the perhaps less persuasive, but certainly, well, less deferential, but certainly persuasive, VA opinion from 1951, which tackled this issue in detail and concluded that the only possible interpretation of the statute was that legitimate and illegitimate are two sides of the same coin. But do we give Chevron deference to a VA opinion? I thought about this as I was sitting in the gallery. I believe there are cases, I know this Court's issued some decisions in which it's indicated that non-regulation is not necessarily accorded Chevron deference, but that I think there are other cases which indicate that you don't need to have notice and comment necessarily to provide the agency with Chevron deference, and there may be some area in there which this could get closer to Chevron than Skidmore, although I know this Court has indicated before with respect to past VA general counsel opinions that they've afforded Skidmore-type deference. Okay. Thank you, Mr. Hartman. Several points, Your Honor. CERSTI controls this case. It answers the questions about Chevron deference. It answers the questions about Brown v. Gardner, and the facts of that case are easily transposed to the facts of this case. And in regard to the constitutional issues that tend to bubble up here secondarily, remember this is the Secretary's statute or Secretary's regulation interpreting the statute to the extent it does, and we don't believe it does more than parrot the statute in all the important aspects. If there's unconstitutionality here, then the regulation needs to go, and then we're back to the statute, which you can find that unconstitutional too, I suppose, but then we're back to the statute without the regulation, and CERSTI still controls there. Well, you don't think the regulation does anything but parrot the statute? Is that right? It only parrots the statute except for the additional three elements, which we meet one of the three elements. Well, what about as to the mother? You think the statute doesn't have a requirement of biological relationship, but the regulation of the Secretary clearly imposes a biological relationship on the mother in order for the child of a female veteran to attain benefits. Your Honor, I think I'm confusing you about biological relationship versus biological test requirement. The biological relationship underlines the purpose of all of this, but it is not required to demonstrate by primary means a test, a biological genetic test or a blood test or any of the other things we've talked about, that that is the test. The tests have been established by Congress and the Secretary. I guess you could have a mother who gave birth to a child as a surrogate. Well, Your Honor, very good segue. My example of absurdity, Your Honor, in response to yours is that there was actually a report about six months ago. In response to mine? Are you suggesting mine is absurd? No, I am. Go ahead, answer. At least as absurd as one child being found illegitimate and benefits. There are donation sites where they are currently looking for over three dozen children of a single man who all have a potential heart condition. All 36 of those children would be eligible if that man was a veteran. That is what is happening. They have created a new category. There are no more legitimate, illegitimate, married, unmarried. You bring in genetic testing, which, by the way, the answer is Ms. McDowell is not very well educated. She lives in rural Georgia. She sent a supposed sample from her sister, or from the veteran's sister, and a supposed sample that she took herself from her daughter and mailed them off to some $99 genetic test place. I can do that. And the results came back to her. To her. She didn't know what they meant. I was not involved. I took this on the appellate level. She just sent it in, and I asked her that, and she started crying. I didn't know what it meant. I know, kind of thing. So, but my point is, absurdity, and you could have hundreds of children. Marriages don't matter. You submit it. I could go out and Xerox a bio test between me and my son and sell them on the street corner. And the VA would be paying everybody who sent one in. Okay, Mr. Regenski, I think that concludes the session. The case is submitted, and that concludes our session for today. Thank you both.